IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY COOK,

    Plaintiff,                                Civil Action No.

v.

AVERUS USA, INC.,

    Defendant.                          JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by FLSA.

**II.   PARTIES**

    2.    Plaintiff, Johnny Cook, (hereinafter Plaintiff), is a resident of Birmingham, Jefferson County, Alabama. Plaintiff performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

1

case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Northern District, Southern Division.

3.  Defendant AVERUS USA, INC. (hereinafter Defendant) is a company doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §203(r).

### III. STATEMENT OF FACTS

4.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5.  Plaintiff began work with Defendant's predecessor in interest, Facilitec, approximately eight to nine years ago.

6.  Approximately three years ago, Defendant became Plaintiff's employer.

7.  Neither Plaintiff's job duties, nor pay method changed after Defendant became Plaintiff's employer.

8.  Plaintiff's job duties for the last three years have been to travel wherever he is dispatched by Jennifer Oberaitis, the wife of Plaintiff's supervisor, Mike Oberaitis, to perform industrial cleaning of hoods, duct work, and chimneys of restaurants, stores, etc.

9. To perform Plaintiff's job duties, he uses chemicals to soften grease and then pressure washes the duct work and hoods.

10. Defendant supplies Plaintiff with a van of under 10,000 pounds, to take the equipment and chemicals to the job sites.

11. Plaintiff is responsible for picking up the other member of the crew, as assigned by Oberaitis, in order to perform the work on behalf of Defendant.

12. Plaintiff typically performs work both in the State of Alabama, as well as in surrounding states.

13. Each job Plaintiff performs pays at a different rate, but Plaintiff is paid 17% of the total job cost to the customer. 13% is paid to Plaintiff's co-worker, and the balance of 70% goes to Defendant.

14. On occasions when Plaintiff and his co-worker are required to stay overnight, Defendant provides to Plaintiff a motel room, although Plaintiff is often required to travel many miles in order to go to the least expensive room that Defendant can find.

15. Up until approximately mid-June 2014, Plaintiff worked in excess of forty hours virtually every week, and often as many as 60 or more hours.

16. At all times while employed with Defendant and its predecessor in interest, Plaintiff has been classified as a non-exempt employee.

## IV.  COUNT ONE – FLSA – Minimum Wage Violations

17.  Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 16 above as if fully set forth herein.

18.  Defendant did not pay Plaintiff at least minimum wage for all hours worked for Defendant during the three years preceding the filing of this complaint.

19.  Defendant did not pay Plaintiff for travel time, which often was very extensive, all of which was required to perform the job duties assigned by Defendant.

20.  Defendant assigned Plaintiff and his co-worker to perform labor at multiple job sites during a single night.

21.  Defendant did not pay for waiting time between assignments during a single night shift wherein Plaintiff was not able to utilize the time for his own benefit.

22.  Defendant willfully and intentionally violated the FLSA by failing to insure that Plaintiff was paid at least minimum wage for all hours worked for Defendant during the three years preceding the filing of this complaint.

23.  As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of pay.

## V.  COUNT ONE – FLSA – Overtime Violations

24.  Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 23 above as if fully set forth herein.

4

25. Defendant did not pay Plaintiff one and one-half times his regular hourly rate of pay for all hours worked in excess of forty in a work week during the three years preceding the filing of this complaint.

26. Defendant paid Plaintiff on a per job basis with varying rates that typically paid Plaintiff less than minimum wage for the work week.

27. When Plaintiff worked in excess of forty hours in a work week, he was paid nothing in addition to the set percentage of each job for work performed.

28. Defendant made no effort to insure that Plaintiff was paid an overtime premium for hours worked in excess of forty during the three years preceding the filing of this complaint.

29. Defendant intentionally and willfully violated the FLSA by failing to pay Plaintiff one and one-half times his regular hourly rate of pay for all hours worked in excess of forty in a work week.

30. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

VI. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.   This Court award Plaintiff the amount of his unpaid wages, plus an additional equal amount as liquidated damages;

C.   Enter an Order requiring Defendant to make Plaintiff whole by awarding him back pay, back overtime pay, liquidated damages, special damages, and nominal damages;

D.   That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest;

E.   Plaintiff requests that the Court award Plaintiff declaratory relief pursuant to 28 U.S.C. § 2201 that the actions of Defendant are violative of the law; and

F.   For such other and further relief as this Court deems equitable, proper and just.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:

ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office;
205.252.1556 – Facsimile

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

_____
Of Counsel

SERVE DEFENDANT AT:

AVERUS USA, INC.
c/o Agent for Service of Process
Daryl Mirza
1425 Tri-State Parkway, Suite 160
Gurnee, IL 60031